REAB *v.* SHERMAN.

Judgment having been rendered on an open account, there being personal service on the defendant but no appearance when the case was called, although the name of counsel was marked on the docket; and there being no suggestion in the transcript of the

record that the case was called out of its order, and defendant's counsel having had knowledge on the following day that the judgment had been rendered, and having waited almost three months and until the last day of the term before making a motion to set the judgment aside and reinstate the case; and on the hearing of that motion, no evidence whatever as to the existence of a meritorious defence having been submitted, but on the contrary, the plaintiff having then proved by the affidavits of witnesses that the account was just and unpaid, the court committed error in ordering the judgment set aside and the case reinstated. In the exercise of a sound discretion, on all the facts and circumstances, especially the delay to move, the court should have overruled the motion.

July 16, 1894.

Motion to set aside judgment. Before Judge EVE. City court of Richmond county. August term, 1893.

SALEM DUTCHER, by brief, for plaintiff.

D. G. FOGARTY, by C. H. COHEN, for defendant.

LUMPKIN, Justice.

This was a motion to reinstate a case in the city court of Richmond county, in which a judgment had been rendered against the defendant by default. The action was upon an open account, and the defendant had been served personally. When the case was called for trial, there was no appearance, and there is no suggestion in the record that the case was called out of its order.

The evidence submitted to the judge on the motion to reinstate tends very strongly to show that, at the time the judgment was rendered, there had not been marked on the docket the name of any counsel for the defendant; but there was evidence to the contrary, and the court was authorized to find that the name of the defendant's attorney had been so marked before the case was called for trial. Be this as it may, it is absolutely certain that this attorney did know of the rendition of the judgment on the very next day after it was rendered. The date of the judgment was August 7th, 1893, which was the first day of the August term of the court, that

being the trial term of the case. On the next day, the defendant's attorney ascertained, by reading the morning paper, that judgment had been rendered against his client. With this knowledge, he waited until the 31st day of October, which was the last day of that term, before making the motion to set the judgment aside and reinstate the case. Thus he allowed almost three months to pass before taking any steps in the matter, and by this delay it is almost (if not quite) certain the plaintiff would have been deprived of a trial during that term if he had acquiesced in the judgment ordering the case to be reinstated.

The record also shows that on the hearing of the motion, not a particle of evidence was submitted to the presiding judge as to the existence of a meritorious defence to the action. Under the circumstances, it was incumbent on the defendant's attorney to demonstrate that his client had a good defence, and to show what it was. Nothing of the sort was done; but on the contrary, the plaintiff, in resistance of the motion, proved by the affidavits of several witnesses that the account was just, due and unpaid. Nevertheless, the court ordered the judgment set aside and the case reinstated.

So doing was, in our opinion, erroneous. We think that in the exercise of a sound discretion the motion to reinstate should have been overruled. There was nothing in the facts and circumstances presented, entitling the defendant to a favorable exercise of the court's discretion, and the delay in moving to set the judgment aside was so palpably inexcusable, and in such utter disregard of the plaintiff's rights in the premises, the plaintiff's judgment ought to have been allowed to stand.

*Judgment reversed.*